IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv304

| | | |
|---|---|---|
| HOMETOWN SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| EQUITYLOCK SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's Motion to Dismiss [# 15]. Plaintiff brought this action asserting claims for breach of contract, intentional misrepresentation, unfair and deceptive trade practices, violation of the North Carolina Trade Secrets Protection Act, conversion, and unjust enrichment. Defendant moves to dismiss the Amended Complaint on the grounds that Plaintiff failed to submit this dispute to mediation prior to bringing suit, as required by the terms of a contract entered into by the parties. The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss and **DISMISS** this action without prejudice.

I. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims

state a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering Defendant's motions, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Amended Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct.

at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with

Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

## II. Analysis

The primary goal of contract construction is to determine the intent of the parties when they entered into the contract in question. Singleton v. Haywood Elec. Membership Corp., 588 S.E.2d 871, 875 (N.C. 2003). "If the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract, so that, if the language is clear and only one reasonable interpretation exists, the courts must enforce the contract as written." Outdoor Lighting Perspectives Franchising, Inc. v. Harders, 747 S.E.2d 256, 267 (N.C. Ct. App. 2013) (internal quotations and citations omitted). Here, the contract at issue is clear and unambiguous.

The Joint Venture Agreement entered into by the parties contains a provision requiring that the parties mediate any disputes prior to instituting legal action. Specifically, Section 9 of the Joint Venture Agreement provides that:

> Standstill, Litigation. Prior to initiating any legal action, the initiating Party shall give the other party (30) days written notice of tis intent to file an action. During such notice period, the Parties will endeavor to settle amicably by mutual discussions any disputes, differences, or claims whatsoever related to this Agreement. Failing such amicable settlement and expiration of the notice period, any controversy, claim, or dispute arising under or relating to this Agreement, shall first be subject to mediation in Buncombe County, NC, prior to filing any

>actions as per court rules of Buncombe county, NC, and then finally
>be settled in court of competent jurisdiction as set forth herein.

(Ex. A to Pl.'s Am. Compl. at § 9.)

Plaintiff alleges that it "made demand pursuant to paragraph 9 of the JV Agreement; however, EquityLock did not respond." (Pl.'s Am. Compl. ¶ 46.) Plaintiff does not dispute that it has not mediated this dispute. Moreover, there are no allegations that Plaintiff attempted to mediate this dispute, only that it provided the initial notice to Defendant of its intention to file suit. (Id.) Merely making a demand under Section 9 of the Joint Venture Agreement, however, is insufficient under the express terms of the contract to satisfy the condition precedent to filing this lawsuit.

Section 9 of the Joint Venture Agreement requires that the parties take several steps prior to commencing legal action. First, the party must provide the opposing party thirty days written notice of its intent to bring a lawsuit. (Ex. A to Pl.'s Am. Compl. at § 9.) During this thirty days, the parties will then attempt to settle the dispute amicably. (Id.) If the parties are unable to settle the dispute amicably, and once the thirty day time period has expired, the party seeking to file a lawsuit must first submit the claim to mediation in Buncombe County, North Carolina. (Id.) Only after this required mediation may the party then initiate legal action in this Court. (Id.)

Although Plaintiff provided Defendant the required notice and allowed the thirty day notice period to expire, Plaintiff failed to submit the claim to mediation, as required by the express terms of the Joint Venture Agreement. Moreover, the fact Defendant failed to respond to the notice within the thirty day time period does not otherwise excuse Plaintiff of its contractual duty to submit this case to mediation prior to bringing suit.[1] Because Plaintiff failed to submit this case to mediation and, thus, failed to satisfy the condition precedent to filing a lawsuit arising under or relating to the Joint Venture Agreement, the case is subject to dismissal. See Tatoo Art, Inc. v. Tat Int'l, LLC, 711 F. Supp. 2d 645, 651 (E.D. Va. 2010) (collecting cases); Pruett v. U.S. Bank Nat'l Assoc., No. 1:12cv00006, 2012 WL 5465554, at *1-2 (W.D. Va. May 4, 2012).[2] The Court **RECOMENDS** that the District Court **GRANT in part** the motion [# 15] and **DISMISS without prejudice** this action.

### III. Conclusion

The Court **RECOMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 15] and **DISMISS without prejudice** this action. Upon the

---

1 The Court notes that Plaintiff does not dispute that the claims asserted in the Amended Complaint arise under or relate to the Joint Venture Agreement and, thus, Section 9 is applicable to its claims.
2 Some courts have stayed the federal litigation pending mediation rather than dismiss the suit without prejudice. See e.g. Kane Builders S &D, Inc. v. Maryland CVS Pharmacy, LLC, Civil Action No. DKC 12-3775, 2013 WL 2948381, *2-3 (D. Md. Jun. 13, 2013.) The Court, however, finds that dismissal of this case without prejudice is the more efficient means of handling the proceedings.

completion of mediation, Plaintiff may refile this action if mediation fails to resolve this dispute.

Signed: May 8, 2014

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 8, 2014

Dennis L. Howell
United States Magistrate Judge