# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00304-MR-DLH

| | |
|---|---|
| HOMETOWN SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| EQUITYLOCK SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 15]; the Magistrate Judge's Memorandum and Recommendation [Doc. 21] regarding the disposition of said motion; the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 22]; and the Defendant's Reply Brief opposing the Plaintiff's Objections [Doc. 23].

I.  PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff Hometown Services, Inc. ("Plaintiff") brings this action against the Defendant Equitylock Solutions, Inc. ("Defendant") in relation to the Joint Venture Agreement between the parties. The Plaintiff has asserted claims for breach of contract, intentional misrepresentation, unfair and deceptive trade practices, violation of the North Carolina Trade Secrets

Protection Act, conversion, and unjust enrichment. [Doc. 14]. The Defendant moved to dismiss the Plaintiff's Amended Complaint, [Doc. 15], due to the Plaintiff's failure to submit the dispute to mediation before commencing suit.

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's motion and to submit a recommendation regarding its disposition. On May 8, 2014, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Court should grant in part the Defendant's Motion to Dismiss [Doc. 15] and dismiss the action without prejudice. [Doc. 21]. The Plaintiff filed objections to the Court's Memorandum and Recommendation [Doc. 22], to which the Defendant has responded [Doc. 23].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's

report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

As the Magistrate Judge properly noted, "[t]he central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief." [Doc. 21 at 2 (citing Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009))]. This Court views "the allegations in the Plaintiff's Amended Complaint as true and construes them in the light most favorable to [the] Plaintiff." [Id. at 2 (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92).]

3

The Plaintiff first argues that the Magistrate Judge erred in looking beyond the pleadings and finding that the "Plaintiff failed to submit the claim to mediation, as required by the express terms of the Joint Venture Agreement." [Doc. 22 at 3]. The Magistrate Judge did not commit such an error. Although the Plaintiff alleged that it made demand pursuant to § 9 of the Joint Venture Agreement and that the Defendant did not respond [Doc. 14 at 6], the terms of the Joint Venture Agreement do not condition mediation upon a response by the opposing party during the thirty-day notice period. The Joint Venture Agreement requires the parties to mediate before any legal action is instituted. [Doc. 14-1, § 9]. The Magistrate Judge aptly stated, "[i]f the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract, so that, if the language is clear and only one reasonable interpretation exists, the courts must enforce the contract as written." [Doc. 21 at 4 (citing <u>Outdoor Lighting Perspectives Franchising, Inc. v. Harders</u>, 747 S.E.2d 256, 267 (N.C. Ct. App. 2013) (internal quotations and citations omitted)]. The Magistrate Judge did not look beyond the pleadings, but rather looked to the plain language of § 9 of the Joint Venture Agreement. [Doc. 14-1, § 9]. The Plaintiff's reason for why it failed to conduct mediation prior to the institution of this suit is irrelevant, because mediation was required <u>prior to</u>

4

the commencement of this suit. Thus, the Plaintiff's first objection is without merit.

Second, the Plaintiff asserts that its Amended Complaint should not be dismissed in its entirety because Counts Two through Seven are extracontractual claims and thus are not subject to the contractual alternative dispute provision. [Doc. 22 at 2-4]. The Magistrate Judge properly applied the dispute resolution provision of the Joint Venture Agreement to all of the Plaintiff's claims. Section 9 of the Joint Venture Agreement states that it applies to "claims whatsoever related to this Agreement." All of the Plaintiff's claims – breach of contract, intentional misrepresentation, unfair and deceptive practices, violations of the North Carolina Trade Secrets Protection Act, conversion, injunctive relief, and unjust enrichment – "relate to" the Joint Venture Agreement. Thus, the dispute resolution provision applies to all of the Plaintiff's claims. Thus, the Plaintiff's second objection is overruled.

In its last three objections, the Plaintiff argues that the Court should grant a stay rather than a dismissal of this case, asserting that there would be no prejudice to the Defendant if the case were stayed, and that the Plaintiff lacks court authority to compel a mediation absent a stay. The Magistrate Judge did not err by recommending dismissal of this case. The

Plaintiff references N-Tron Corp. v. Rockwell Automotion, Inc., 2010 U.S. Dist. LEXIS 14130 at *31 (S.D. Ala. Feb. 18, 2010), in which the Southern District of Alabama noted that "courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism." On the other hand, the same case holds that "[i]t is true, of course, that examples in the case law do exist wherein actions have been dismissed for non-compliance with dispute resolution provisions . . . [and] district courts are vested with discretion to determine whether stay or dismissal is appropriate." Id. at 7 (citations omitted); see also Tattoo Art, Inc. v. Tat Int'l, LLC, 711 F. Supp. 2d 645, 651 (E.D. Va. 2010) (citations omitted) (noting that "failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal" and holding that "[a] number of courts have found that when parties to a lawsuit have elected not to be subject to a court's jurisdiction until some condition precedent is satisfied, such as mediation, the appropriate remedy is to dismiss the action.") Thus, the Magistrate Judge's recommendation that this case should be dismissed without prejudice was not erroneous. In the exercise of its discretion, the Court will dismiss this action. Thus, the Plaintiff's third, fourth, and fifth objections are overruled.

**IV. CONCLUSION**

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law. Thus, the Plaintiffs' Objections to the Memorandum and Recommendation are therefore overruled.

## ORDER

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Plaintiff's Objections [Doc. 22] are **OVERRULED,** the Magistrate Judge's Memorandum and Recommendation [Doc. 21] is **ACCEPTED;** and the Defendant's Motion to Dismiss [Doc. 15] is **GRANTED**; and this action is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 5, 2014

Martin Reidinger
United States District Judge