# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:13-cv-00304-MR-DLH

| | | |
|---|---|---|
| HOMETOWN SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| EQUITYLOCK SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Attorneys' Fees and Costs/Expenses [Doc. 26], and the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Attorneys' Fees and Costs/Expenses [Doc. 28].

## I.    PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff Hometown Services, Inc. ("Plaintiff") brought this action against the Defendant Equitylock Solutions, Inc. ("Defendant") in relation to the January 10, 2012 Joint Venture Agreement ("JVA") between the parties. [Doc. 1-1 at 14-17]. The Plaintiff asserted numerous claims against the Defendant, including breach of contract, intentional misrepresentation, unfair and deceptive practices, violation of the North Carolina Trade Secrets Protection Act, conversion, and unjust enrichment.

[Doc. 14]. Upon the Defendant's Motion to Dismiss [Doc. 15], this Court dismissed the action due to the Plaintiff's failure to submit the dispute to mediation before commencing suit. [Doc. 24]. The Defendant is now seeking to obtain attorney fees from the Plaintiff.

Having been fully briefed, this matter is ripe for disposition.

## II.  STANDARD OF REVIEW

In diversity actions, federal courts apply federal procedural law and state substantive law. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). In the Fourth Circuit, state substantive law is applied to determine the award of attorneys' fees pursuant to a contractual or statutory provision. See Culbertson v. Jno. McCall Coal Co., Inc., 495 F.2d 1403, 1405-06 (4th Cir. 1974) (denying the award of attorney fees pursuant to a West Virginia statute). North Carolina recognizes choice-of-law provisions in contracts. See Tanglewood Land Co., Inc. v. Byrd, 261 S.E.2d 655, 656 (1980). Here, the JVA contains a choice-of-law provision that it will be governed by North Carolina substantive state law. [Doc. 1-1 at 16].

North Carolina follows the general common law principle that civil litigants bear the cost of their own attorneys' fees. Therefore attorneys' fees may not be awarded without statutory authority. Stillwell Enters., Inc.

2

v. Interstate Equip. Co._, 300 N.C. 286, 289, 266 S.E.2d 812, 814–15 (1980).  The Defendant has asserted two North Carolina statutory bases it claims would support an award of attorneys' fees.  These grounds are found in N.C. Gen. Stat. § 6-21.6 and, alternatively, N.C. Gen. Stat. § 6-21.5.

III.    DISCUSSION

**A. N.C. Gen. Stat. § 6-21.6**

The Defendant invokes N.C. Gen. Stat. § 6.21.6 as one statutory authority for its request for attorney fees and costs in this case.  In pertinent part, § 6.21.6 states:

> (c) If a business contract governed by the laws of this State contains a reciprocal attorneys' fees provision, the court or arbitrator in any suit, action, proceeding, or arbitration involving the business contract may award reasonable attorneys' fees in accordance with the terms of the business contract. In determining reasonable attorneys' fees and expenses under this section, the court or arbitrator *may* consider all relevant facts and circumstances, including, but not limited to, the following:
>
> (1)  The amount in controversy and the results obtained.
>
> (2)  The reasonableness of the time and labor expended, and the billing rates charged, by the attorneys.
>
> (3)  The novelty and difficulty of the questions raised in the action.

(4) The skill required to perform properly the legal services rendered.

(5) The relative economic circumstances of the parties.

(6) Settlement offers made prior to the institution of the action.

(7) Offers of judgment pursuant to Rule 68 of the North Carolina Rules of Civil Procedure and whether judgment finally obtained was more favorable than such offers.

(8) Whether a party unjustly exercised superior economic bargaining power in the conduct of the action.

(9) The timing of settlement offers.

(10) The amounts of settlement offers as compared to the verdict.

(11) The extent to which the party seeking attorneys' fees prevailed in the action.

(12) The amount of attorneys' fees awarded in similar cases.

(13) The terms of the business contract.

N.C. Gen. Stat. Ann. § 6-21.6 (emphasis added). Notably, the award of attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.6 is discretionary. See id.

Here, the Defendant is not entitled to an award of attorney fees pursuant to N.C. Gen. Stat. § 6-21.6.  The parties' contract contains the following provision regarding attorney fees: "Should either of us institute legal action arising out of or relating to this Agreement, *the prevailing party* will be entitled, in addition to such other relief as may be granted, to recover reasonable attorney's fees and all other related court costs from the other party."  [Doc. 1-1 at 16] (emphasis added).

Here, however, the action was dismissed without prejudice in order for the parties to comply with the provision of their JVA to conduct mediation prior to bringing suit.  [Doc. 24].  The Court did not determine a claim or issue in the case.  Thus, the Defendant was not a "prevailing party."  In the context of N.C. Gen. Stat. § 6-21.6, a "prevailing party . . . is a party who prevails on a claim or issue in an action."  Persis Nova Const., Inc. v. Edwards, 671 S.E.2d 23, 30 (N.C. Ct. App. 2009).  The Fourth Circuit "mak[es] a distinction between a dismissal with prejudice and a dismissal without prejudice for the purposes of awarding costs" and attorney's fees.  See Bill of Costs Handbook for the United States District Court for the Western District of North Carolina, at 6, available at http://www.ncwd.uscourts.gov/content/bill-costs-handbook; see also Best Industries v. North American Scientific, Inc., 134 F.3d 362, 1998 WL 39383

at *1 (4th Cir. 1998) (holding that there was no prevailing party and thus an award of attorney fees was denied where the court had granted a voluntary dismissal without prejudice); see also Kollsman v. Cohen, 996 F.2d 702 (4th Cir. 1993) (holding that the defendant was a prevailing party where there had been a dismissal with prejudice and thus no risk of further litigation on the claim).

Additionally, even if this Court were to find that the Defendant had been a prevailing party and thus entitled to receive attorney's fees and costs, the requested fees are not reasonable. The Defendant requests $21,499.00 for a total of 97.6 hours worked by three attorneys in this case, in addition to costs of $11.60. [Docs. 26, 27-1]. This case had only progressed through its removal to this Court [Doc. 1] followed by the Defendant's Motion to Dismiss [Doc. 15] and the Defendant's Reply to the Plaintiff's Objection to the Memorandum and Recommendations of the Magistrate Judge [Doc. 23]. Further, the Defendant has not provided sufficient information to the Court to explain the itemization of the requested attorneys' fees. Thus, for these reasons, this Court would decline to award attorneys' fees or costs to the Defendant pursuant to N.C. Gen. Stat. § 6-21.6.

**B. N.C. Gen. Stat. § 6-21.5**

The Defendant also invokes N.C. Gen. Stat. § 6-21.5 as another

statutory authority upon which it requests the award of attorney fees and

costs.  In pertinent part, § 6-21.5 states:

> In any civil action, special proceeding, or estate or
> trust proceeding, the court, upon motion of the
> *prevailing party*, may award a reasonable attorney's
> fee to the *prevailing party* if the court finds that there
> was a complete absence of a justiciable issue of
> either law or fact raised by the losing party in any
> pleading.  The filing of a general denial or the
> granting of any preliminary motion, such as a
> motion for judgment on the pleadings pursuant to
> G.S. 1A-1, Rule 12, a motion to dismiss pursuant to
> G.S. 1A-1, Rule 12(b)(6), a motion for a directed
> verdict pursuant to G.S. 1A-1, Rule 50, or a motion
> for summary judgment pursuant to G.S. 1A-1, Rule
> 56, is not in itself a sufficient reason for the court to
> award attorney's fees, but may be evidence to
> support the court's decision to make such an award.
> A party who advances a claim or defense supported
> by a good faith argument for an extension,
> modification, or reversal of law may not be required
> under this section to pay attorney's fees.  The court
> shall make findings of fact and conclusions of law to
> support its award of attorney's fees under this
> section.

N.C. Gen. Stat. § 6-21.5 (emphasis added).  When confronted with a

motion for attorneys' fees premised upon § 6-21.5, a court must "review all

relevant pleadings and documents of a case in order to determine if either:

(1) the pleadings contain a complete absence of a justiciable issue of either

law or fact," or (2) "whether the losing party persisted in litigating the case

after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." <u>Credigy Receivables, Inc. v. Whittington</u>, 202 N.C. App. 646, 652, 689 S.E.2d 889, 893 (2010) (citations omitted).

The Defendant is not entitled to an award of attorney fees pursuant to N.C. Gen. Stat. § 6-21.5, as this provision applies only to a prevailing party. As discussed previously, this case was dismissed without prejudice due to the Plaintiff's failure to comply with the mandatory mediation provision in the JVA; as such, the Defendant in this case was not a prevailing party. Thus, the Court will not award attorneys' fees or costs to the Defendant pursuant to N.C. Gen. Stat. § 6-21.5.

## IV.   CONCLUSION

For the reasons discussed, the Defendant's Motion for Attorneys' Fees and Costs/Expenses [Doc. 26] will be denied.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Attorneys' Fees and Costs/Expenses [Doc. 26] is **DENIED.**

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge